No. 3198.—J. R. Bowie *v.* H. R. Lott.

Article 132 of the constitution, which provides that " all lands sold in pursuance of decrees of courts shall be divided into tracts of from ten to fifty acres," is not self-acting, and can only have effect in the manner and to the extent provided for by statute.

APPEAL from the Parish Court of Carroll. *Hough*, J. *M. Dubose*, for plaintiff and appellant. *Sparrow & Montgomery*, for defendant and appellee.

Howe, J. The succession of Mrs. Nancy Bowie was opened in the Parish of Carroll in 1867. In August, 1869, a tract of land belonging thereto was ordered to be sold to pay debts, and was purchased by H. R. Lott. The purchaser sued out a monition for the purpose of curing irregularities, and to this an opposition was made by J. R. Bowie, claiming to be universal heir of the deceased.

There was judgment in favor of the purchaser and the opponent has appealed.

There are several points made by appellant which do not appear to have any especial force. The purchase was made in good faith, presumably, and the court had jurisdiction to order the sale. The purchaser is therefore protected by the decree against irregularities and informalities, if any there were, prior to such decree. We do not perceive any irregularities subsequent to the order of sale, unless they are to be found in the fact that the lands were not divided for purposes

of sale into tracts of from ten to fifty acres, in accordance with the provisions of the Constitution of 1868. The opponent makes this point also, and we are required to pass upon it.

The constitutional provision in question reads as follows:

"Article 132. All lands sold in pursuance of decrees of courts shall be divided into tracts of from ten to fifty acres."

By act No. 40, approved February 24, 1869, provision is made for carrying into effect this article, so far only as contracts made and successions opened after the date of the adoption of the Constitution of 1868 are concerned. The theory of the legislator seems to have been that the constitutional provision was not intended to be self-acting; that it required a statute to supply the necessary machinery for its practical operation; and that it would not be just to supply this machinery, except so far as contracts made and successions opened after the adoption of the constitution were concerned.

There is much to lead us to suppose that this article was not intended to be self-acting. It appears at first glance that it is not prohibitory in its terms, and is not therefore within that class which for their execution require only that the citizen, whether in his official or his individual capacity, should refrain from disobedience of their provisions. State ex rel. Salomon & Simpson v. Graham, 23 An. 204. Again, there is no penalty or nullity announced in the article, and it might be matter of serious discussion whether, in the absence of any sanction, it was intended by the framers of the constitution that the article itself should, *proprio vigore*, invalidate every sale of lands made after its adoption, which should not accord with its regime, although the legislature should not have provided any practical means for carrying out the design of the article. And this suggests finally another reason which is perhaps still more cogent, namely, that the article in question furnishes no *modus operandi* by which the sales are to be made, but, rather contains a general direction addressed to the legislative department, announcing a new policy in regard to the division of land, and leaving to the legislature the task of carrying the idea into practical execution. How is the land to be divided? Who is to make the division? How are the possibly large expenses of accurate surveys to be paid? What was intended to be done under the necessary numerous orders of sale requiring to be executed between the date of the adoption of the constitution and the date when the legislature, acting with the utmost diligence, might devise the necessary machinery? Upon these important points the article is silent, and prior to the act of 1869 the statute book was silent also.

We must conclude that the article in question was not self-acting in the manner claimed by opponent; that it could be carried into practical operation only by a statute; and that, therefore, it had no effect in

this case, because the succession was opened prior to the adoption of the Constitution of 1868, and a sale of its lands was not only not provided for by the statute, but expressly excluded from its operation.

Whether the Legislature did its full duty in providing for a sale of certain property, and excluding another class is a matter for the conscience of the legislator. It is enough for the courts to see that the article is not self-acting, and can therefore take effect only to the extent provided for by the statute.

Judgment affirmed.

Rehearing refused. ·